JUAN J. DELAROSA, Plaintiff-Appellant, v. APPROVED AUTO SALES, INC., Defendant-Appellee.

Second District   No. 2—01—0097

Opinion filed July 30, 2002.

624

Christopher J. Taylor, of Byrd & Taylor, of Rockford, for appellant.

Robert C. Pottinger, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellee.

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Juan Delarosa, filed a two-count complaint against defendant, Approved Auto Sales, Inc., alleging a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)) and common-law fraud. After an arbitration proceeding, plaintiff moved to amend the complaint to add a third count for breach of contract, and the trial court denied the motion. Following a bench trial, the court entered directed findings for defendant on the two fraud counts. The court then *sua sponte* reversed its earlier ruling on the proposed amendment, filed the complaint as amended, and entered a directed finding against plaintiff on the breach of contract claim.

On appeal, plaintiff does not challenge the court's findings on the two fraud counts. However, plaintiff contends that (1) the trial court

violated his due process rights when it *sua sponte* revived the breach of contract count and then granted defendant a directed finding on that count; and (2) the court's finding for defendant on plaintiff's breach of contract claim was against the manifest weight of the evidence. We affirm in part, reverse in part, and remand the cause with directions.

In November 1998, plaintiff purchased a used Ford Explorer from defendant. Because he was buying it for one of his daughters and the car was being sold "as is," he wished to purchase an extended warranty. Plaintiff paid defendant $1,495 for a warranty plan issued by Buyer's Choice, but defendant failed to purchase the warranty.

In January 1999, plaintiff's daughter, Lorena Medina, thought that the car was experiencing transmission problems. She telephoned defendant and explained that she had discovered that the warranty was not in effect.

Defendant's president, Earl Fisher, learned that plaintiff was complaining about transmission problems with the Explorer and about the warranty. He discovered that his brother had not sent in the warranty application and the initial $640 payment to Buyer's Choice. Buyer's Choice refused to issue the warranty, and Fisher obtained a substitute warranty from American Underwriters Limited (AUL) for $900. Although he was not familiar with the warranties' specific terms, he believed the AUL warranty was better than the warranty to which the parties originally agreed because it covered more services.

On May 21, 1999, plaintiff filed his complaint alleging the two fraud counts. A panel of arbitrators found for plaintiff, but defendant rejected the award. On October 17, 2000, plaintiff sought leave to amend his complaint to add the cause of action for breach of contract. The certified bystander's report in the record states that the trial court denied the motion even though defendant offered no evidence that it would be prejudiced by the proposed amendment.

The cause proceeded to trial on November 1, 2000. After plaintiff rested his case, the trial court granted defendant directed findings on both fraud counts. The court found that, among other things, plaintiff had failed to prove damages. The court also revived and granted plaintiff's motion to amend his complaint and granted defendant a directed finding on the breach of contract count as well. Plaintiff timely appealed.

Plaintiff contends that the trial court violated his right to due process by reversing its ruling on his motion to amend after plaintiff had rested his case, then immediately granting defendant a directed finding on the newly added count. He also argues that the trial court's finding on the breach of contract count was against the manifest

weight of the evidence. We agree with plaintiff that the trial court abused its discretion in ruling on his motion to amend. We therefore reverse the judgment for defendant on count III and remand the cause for further proceedings on that count. We affirm the trial court's ruling on counts I and II.

■ Generally, a trial court's decision to allow or deny an amendment will not be reversed absent an abuse of discretion. *Hiscott v. Peters*, 324 Ill. App. 3d 114, 128 (2001). However, section 2—616 of the Code of Civil Procedure (the Code) provides for the liberal amendment of pleadings at any time before final judgment to add new causes of action. 735 ILCS 5/2—616 (West 2000). In deciding whether to grant leave to amend a pleading, the court should consider the timeliness of the amendment and whether the other parties have been prejudiced or surprised by the proposed amendment. *Scentura Creations, Inc. v. Long*, 325 Ill. App. 3d 62, 72 (2001).

■ Here, it is true that plaintiff sought the amendment only two weeks before trial. Plaintiff must have been aware of the potential contract claim well before then. On the other hand, defendant has not demonstrated any particular prejudice from allowing the amendment. Defendant knew all along that plaintiff's claims were based on the sale contract and defendant's alleged failure to procure the warranty. Defendant argues that the court's denial of the amendment was harmless because plaintiff failed to prove his damages on the fraud counts at trial. We reject this contention because it relies on hindsight to judge the propriety of the denial of the amendment before trial. Thus, given the Code's policy in favor of liberal amendment, we hold that the trial court abused its discretion in denying plaintiff leave to amend the complaint before trial.

■ The court's subsequent reversal of its decision, rather than curing the error, appears to have compounded it. Plaintiff prepared for and conducted the trial on the assumption that the contract claim was not going to be allowed. Only after plaintiff had rested his case did the court allow the amendment, and then it immediately granted judgment for defendant on the newly added count. Plaintiff never had an opportunity to present evidence on that count.

Defendant asserts that plaintiff renewed his motion for leave to amend on the day of trial. Defendant, therefore, implicitly assumes that the court reserved ruling on the motion and, as a result, actually did allow plaintiff to present evidence in support of the contract claim. Nothing in the bystander's report supports the assertion that plaintiff renewed his motion before trial. Moreover, even if this claim were true, our decision would not change. Plaintiff could not be expected to adequately prepare to prosecute the contract claim without knowing

whether the court would allow it. The court had already denied the motion once, and plaintiff could not anticipate that the court would abruptly change its mind.

In *Pettigrew v. National Accounts System, Inc.*, 67 Ill. App. 2d 344 (1966), this court stated as follows:

> "A fundamental requisite of procedural due process is that every man shall have the protection of his day in court and the benefit of an orderly proceeding according to the general law or established rules; and that the hearing shall not be arbitrary, but rather shall afford to him an opportunity to be heard in his defense and shall assure to him an inquiry on the issues of the case, wherein judgment is rendered only after trial." *Pettigrew*, 67 Ill. App. 2d at 351.

In that case, Pettigrew, believing that he was appearing for a hearing on National's motion for a preliminary injunction, found himself forced both to prosecute his action for a declaratory judgment—to which National had just filed its answer—and to defend National's complaint for a permanent injunction—which Pettigrew had not yet answered. This court held that those proceedings violated Pettigrew's due process rights. *Pettigrew*, 67 Ill. App. 2d at 351. Similarly, in *Koplin v. Hinsdale Hospital*, 207 Ill. App. 3d 219 (1990), we held that the defendant was denied due process when the plaintiff was allowed to amend his complaint on the day of trial to add five new counts. In *Hiscott*, we held that the court abused its discretion in allowing the plaintiffs to amend their complaint after judgment to add new counts because the defendants could not address those counts during trial. *Hiscott*, 324 Ill. App. 3d at 128.

Those cases, while different procedurally from this case, show that due process requires that both parties know in advance of a proceeding what issues will be tried at that proceeding. The proceedings here involving plaintiff's count III did not comport with this standard and the judgment on that count must be reversed.

■ In its brief, defendant requests sanctions against plaintiff pursuant to Supreme Court Rule 375 (155 Ill. 2d R. 375) for filing a frivolous appeal. In light of our conclusion that plaintiff's appeal is meritorious, we deny defendant's request for sanctions.

The judgment of the circuit court of Winnebago County granting judgment for defendant on count III is reversed; the remainder of the judgment is affirmed. The cause is remanded to the circuit court with directions to grant plaintiff's motion for leave to amend his complaint.

Defendant may answer or file any appropriate motion directed against the complaint.

Affirmed in part and reversed in part; cause remanded with directions.

O'MALLEY and CALLUM, JJ., concur.